Terrence A. BUTTLER, Plaintiffs,

v.

Stuart BENSON; Kelly's Franchising of America, Inc.; Keri Benson; Gladys Benson; Gladys Benson as Trustee of the TRS Trust; and Keri Benson as trustee of the SRT Trust, Defendants.

No. CIV.A. 97–B–609.

United States District Court, D. Colorado.

June 16, 2000.

Kirk B. Holleyman, Kirk B. Holleyman, P.C., Denver, CO, for Plaintiff.

Harold R. Bruno, III, Smith McCullough, P.C., Denver, CO, for Defendant.

**ORDER**

BOLAND, United States Magistrate Judge.

This matter is before me on **Plaintiff's Motion to Compel Production of Documents, Motion for Sanctions, and Certificate of Compliance Pursuant to D.C.COLO.LR 7.1** (the "Motion to Compel"), filed April 21, 2000, and **Plaintiff's Amended Motion for Leave to Endorse Expert Witness and Certificate of Compliance Pursuant to D.C.COLO.LR 7.1** (the "Motion to Endorse Expert Witness"), filed April 21, 2000. For the following reasons, the motions are DENIED.

## 1. PLAINTIFF'S MOTION TO COMPEL

The plaintiff served his initial requests for production of documents on defendants Stanley Benson, Gladys Benson, and Gladys Benson as Trustee of the TRS Trust on May 21, 1998. On September 8, 1998, the plaintiff filed his first motion to compel production of certain documents. On October 9, 1998, Magistrate Judge Donald E. Abram issued an Order directing defendants to produce relevant financial records on or before October 20, 1998.

The plaintiff asserts that "in late 1998" defendants made an incomplete production of the records ordered by Judge Abram. The plaintiff then provided defendants with a written list of the documents which defendants failed to produce. More than one year passed. Then, on April 4, 2000, defendants made a second incomplete production. The plaintiff now seeks (1) an order compelling production of the remaining documents, (2) an order prohibiting defendants from opposing his damage claims and from offering evidence at trial,[1] and (3) an order requiring defendants to reimburse the plaintiff for monies expended sorting through documents produced by defendants.

■ Ordinarily, if a failure to make discovery comes to light, the remedy is to order production and to take any other steps neces-

---

1. Pursuant to Orders dated June 30, 1997, and February 12, 1998, default entered against all defendants. Thus, the only issue for trial is damages.

sary to cure any prejudice. *DesRosiers v. Moran*, 949 F.2d 15, 22 (1st Cir.1991). In this case, however, the plaintiff has failed to seek judicial relief for an unreasonably long period of time.

Specifically, Judge Abram required defendants to produce the financial records on or before October 20, 1998. After that order, and more than a year ago, the plaintiff identified documents which he believed should be produced but had not been. Discovery closed on March 26, 1999, but the plaintiff did not raise any issue concerning the documents it now seeks. A pretrial conference was held on December 9, 1999, and again there is no record that any discovery issues were raised. Finally, with the trial set to begin on July 6, 2000, the plaintiff in late April filed the instant Motion to Compel.[2] There is no explanation for why the plaintiff did not seek further assistance of the court to obtain production of these documents during discovery or why he waited until one and one half years after Judge Abram's Order to file this Motion to Compel.

■ A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production. The *DesRosiers* case is illustrative. There, as in this case:

> [T]he plaintiff knew, well in advance of trial, that [requested but unproduced documents] existed. Yet, he failed to bring the matter of non-production to the court's attention at the pretrial hearing or in some other timely fashion. In similar circumstances, courts have often deemed discovery violations waived.

949 F.2d at 22 n. 8. *See also JOM, Inc. v. Adell Plastics, Inc.*, 193 F.3d 47, 51 (1st Cir.1999)(noting a party's obligation to move to compel production "well in advance of trial").

■ The plaintiff's unexplained delay in seeking court assistance to obtain the documents now at issue, coupled with his request for sanctions in the form of an order precluding defendants from opposing his damage claims and from offering evidence at trial, raises the inference that the plaintiff is not as concerned with obtaining the documents as he is with "hold[ing] in abeyance a putative discovery violation" for the strategic purpose of using it late in the proceedings as a basis to prevent defendants from defending the claims against them. *See id.* at 52. For these reasons, the plaintiff's Motion to Compel and associated request for sanctions are denied.

■ Plaintiff's request for reimbursement of costs associated with sorting through the documents produced by defendants also is denied. There is no evidence that these records were not produced as they were kept in the usual course of business, *see* Fed. R.Civ.P. 34(b), or that the plaintiff actually expended any money to have the documents sorted.

### 2. PLAINTIFF'S MOTION TO ENDORSE EXPERT WITNESS

■ The plaintiff seeks to endorse Gregory Taylor, Certified Public Accountant, as an expert witness on the damages he claims to have suffered. The plaintiff bases this late request on defendants' failure to produce documents until April 4, 2000. The plaintiff also asserts that a CPA would be of great assistance to the Court in tracing the complex financial transactions undertaken by defendants.

A Scheduling Order "shall not be modified except upon a showing of good cause." Fed. R.Civ.P. 16(a)(6). In addition,

> [w]hen ... by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon *motion made after the expiration of the specified period* permit the act to be done where the failure to act was the result of *excusable neglect* ....

Fed.R.Civ.P. 6(b)(emphasis added).

Here, although a CPA might be helpful at trial, the plaintiff's request comes too late. Pursuant to Judge Abram's Order dated

---

**2.** Defendants' Opposition to Motion to Compel Production of Documents and Opposition to Motion for Sanctions was filed May 9, 2000, and defendants' Supplement to Opposition to Motion to Compel Production of Documents was filed May 30, 2000.

February 9, 1999, the plaintiff received an extension of time until March 1, 1999, to designate his expert witnesses. At that time, Judge Abram admonished that "[n]o further extensions of time [would] be granted."

Further, to the extent plaintiff's Motion to Endorse Expert Witness is based upon defendants' late production of financial records, as discussed *supra*, plaintiff had discovery remedies available to compel defendants to produce the records earlier than April 4, 2000. For these reasons, I find that the plaintiff has not shown good cause, and certainly not excusable neglect, to support his request to endorse an expert witness at this late date. Accordingly,

IT IS ORDERED that **Plaintiff's Motion to Compel Production of Documents, Motion for Sanctions, and Certificate of Compliance Pursuant to D.C.COLO.LR 7.1,** filed April 21, 2000, is DENIED.

IT IS FURTHER ORDERED that **Plaintiff's Amended Motion for Leave to Endorse Expert Witness and Certificate of Compliance Pursuant to D.C.COLO.LR 7.1,** filed April 21, 2000, is DENIED.

IT IS FURTHER ORDERED that defendants' request for attorneys' fees and costs is DENIED.